IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00949-BNB

MAHMOUD ALZIDANI,

    Plaintiff,

v.

BRIDGE-LINGUATEC,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 26 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Mahmoud Alzidani, initiated this action by filing a *pro se* complaint on April 19, 2010. On April 27, 2010, Magistrate Judge Boyd N. Boland directed the clerk of the court to commence a civil action, and ordered Mr. Alzidani to cure certain deficiencies. Specifically, Mr. Alzidani was directed to file a complete complaint on the court-approved form. Mr. Alzidani filed an Amended Complaint on April 30, 2010. Mr. Alzidani was granted leave to proceed *in forma pauperis* by order dated May 3, 2010.

On May 5, 2010, Magistrate Judge Boland reviewed the Amended Complaint and determined that it was deficient because it did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, Magistrate Judge Boland noted that Mr. Alzidani failed to provide a short and plain statement of the grounds for the Court's jurisdiction over his claims. Therefore, Mr. Alzidani was ordered to file a Second Amended Complaint within thirty days.

Mr. Alzidani submitted his Second Amended Complaint on May 18, 2010. The Court must construe the Second Amended Complaint liberally because Mr. Alzidani is a

*pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Second Amended Complaint is held to standards less stringent than those governing a formal pleading drafted by an attorney. *See id.* However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. The Court has now reviewed the Second Amended Complaint and has determined that the Second Amended Complaint and action should be dismissed.

Mr. Alzidani asserts diversity jurisdiction. Second Amended Complaint at 1. Pursuant to 28 U.S.C. § 1332, Mr. Alzidani must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000. *See Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006). However, it does not appear that there is complete diversity in this action, as required pursuant to § 1332(a), because Mr. Alzidani alleges that both he and defendant Bridge-Linguatec International, Inc. are residents of Colorado. Further, there is no indication that the amount in controversy exceeds $75,000.00, as required by § 1332(b), because Mr. Alzidani asserts that he seeks compensation from Defendant Bridge-Linguatec International, Inc., in the amount of $24,018.75. Second Amended Complaint at 3. Therefore, Mr. Alzidani fails to assert proper jurisdiction for this Court to consider his claims, and the action will be dismissed. Accordingly, it is

ORDERED that the Second Amended Complaint and the action are dismissed for lack of subject matter jurisdiction.

DATED at Denver, Colorado, this  25th   day of   May  , 2010.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00949-BNB

Mahmoud Alzidani
2355 E. Iliff Ave. #3
Denver, CO 80210

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/26/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk